352    APPELLATE COURTS OF ILLINOIS.

Heller & Livingston v. American C. & F. Co., 188 Ill. App. 352.

## Heller & Livingston, Appellant, v. American Car & Foundry Company, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914.

### Statement of the Case.

Action by Heller & Livingston against the American Car & Foundry Company to recover on an assignment of wages executed to the plaintiff by one Floyd Aiken of his wages earned while in the employ of defendant. The suit was originally commenced before a justice of the peace and an appeal was taken to the Circuit Court, where upon a trial by a jury the court at close of the evidence offered by plaintiff directed a verdict for defendant and rendered judgment on the verdict. To reverse the judgment, plaintiff appeals.

The only ground relied on by appellant for a reversal is that the judgment was based on a finding that no sufficient notice of the assignment had been lawfully served on the defendant.

TRAUTMAN, FLANNIGEN, BAXTER & HAMLIN, for appellant; H. B. EATON, of counsel.

WILLIAM E. WHEELER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. ASSIGNMENTS, § 19*—*necessity of proof of notice of assignment of wages.* In an action on an assignment of wages, where the defense was that defendant had not received notice of the assign-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment and that the wages had been paid to the employee, *held* that a direction of a verdict for defendant was proper where there was no competent evidence to show notice to the defendant of the assignment.

2. NOTICE, § 51*—*when foundation for reception in evidence of copy of mailed notice insufficient.* In an action to recover on an assignment of wages, a copy of a notice of the assignment claimed to have been served on the defendant by mail *held* properly excluded, for the reason there was no proper foundation laid for its introduction, where there was no evidence offered to show that the copy of the notice was inclosed in an envelope directed to defendant with a proper amount of postage thereon and deposited in a place for the receiving of United States mail.

3. NOTICE, § 51*—*when registry receipt for letter insufficient to prove mailed notice.* A post office registry receipt for a letter in which it is claimed a notice to the sendee was inclosed, does not of itself prove what was received.